IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EMMANUEL VALLE-ORTIZ,**
      Plaintiff,

            v.                                                    Civil No. 25-1413 (MBA)

**FRANK BISIGNANO,**
Commissioner of the Social Security
Administration
            Defendant.

## OPINION AND ORDER

Emmanuel Valle-Ortiz (hereinafter "Valle" or "Plaintiff") seeks review of the final administrative decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his claim for disability benefits under the Social Security Act ("the Act"), 42 U.S.C. § 423. Valle requests that the Commissioner's decision be reversed and he be declared disabled or, alternatively, that the case be remanded for further administrative proceedings. (ECF No. 26). The Commissioner opposes, arguing that Valle received due process and that because the Administrative Law Judge's ("ALJ") findings were legally sound and substantially supported, the decision should be affirmed. After careful consideration of the record, and for the reasons outlined below, the Commissioner's decision is **AFFIRMED**.

## APPLICABLE LEGAL FRAMEWORK

After reviewing the pleadings and record transcript, the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's review is limited to determining whether the Commissioner and his delegates employed the proper legal standards and found facts upon the proper quantum of evidence.

1

*Manso-Pizarro v. Sec'y of Health & Hum. Services*, 76 F.3d 15, 16 (1st Cir. 1996). The Commissioner's "findings of fact are conclusive when supported by substantial evidence, 42 U.S.C.§ 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (citing *Da Rosa v. Secretary*, 803 F.2d 24, 26 (1st Cir. 1986) (*per curiam*); *Ortiz v. Sec'y of Health & Hum. Services*, 955 F.2d 765, 769 (1st Cir. 1991)). Substantial evidence means "'more than a mere scintilla.' . . . It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal citation omitted). The Court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodríguez Pagán v. Sec'y of Health & Hum. Services*, 819 F.2d 1, 3 (1st Cir. 1987) (citing *Lizotte v. Sec'y of Health and Hum. Servs.*, 654 F.2d 127, 128 (1st Cir. 1981)).

To be eligible for social security benefits, a claimant must demonstrate that he or she is "disabled" within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The Act defines disability in pertinent part as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be severe enough that "he [or she] is not only unable to do his [or her] previous work but cannot . . . engage in any other kind of substantial gainful work which exists [in significant numbers] in the national economy…." 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); *see also* 20 C.F.R. § 404.1520(a).

The Commissioner follows a five-step evaluation process to determine disability. *Mills v. Apfel*, 244 F.3d 1, 2 (1st Cir. 2001); 20 C.F.R. § 404.1520(a). These steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. 20 C.F.R § 404.1520(a)(4). The

Plaintiff has the burden of proof with respect to the first four steps of the process. *Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001).

At Step One, the Commissioner determines whether the claimant is currently engaged in "substantial gainful activity." If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At Step Two, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If not, the disability claim is denied. At Step Three, the Commissioner must decide whether the claimant's impairment, considered singly and in combination with any other impairments, is equivalent to a specific list of impairments contained in the regulations' Appendix 1 (the "Listings"), which the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404, Subpt. P, App. 1. If the claimant's impairment or combination of impairments meets or equals one of the listed impairments, he or she is conclusively presumed to be disabled. *Id.* If not, the evaluation proceeds to Step Four, through which the Administrative Law Judge ("ALJ") assesses the claimant's residual functional capacity ("RFC") and determines whether the impairment(s) prevent the claimant from doing the work he or she has performed in the past. 20 C.F.R. § 404.1520(e-f).

An individual's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1). If the claimant can perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(e). If he or she cannot perform this work, the fifth and final Step asks whether the claimant can perform other work available in the national economy in view of his or her RFC, as well as age, education, and work experience. If the claimant cannot, then he or she is entitled to disability benefits. 20 C.F.R. § 404.1520(f).

At Steps One through Four, the claimant has the burden of proving he or she "cannot return to [the] former employment because of [the] alleged disability." *Santiago v. Sec'y of Health & Hum. Servs.*,

944 F.2d 1, 5 (1st Cir. 1991). Once a claimant has done this, the Commissioner has the burden under Step Five to prove the existence of other jobs in the national economy the claimant can perform. *Ortiz v. Sec'y of Health & Hum. Servs.*, 890 F.2d 520, 524 (1st Cir. 1989) (citing 20 C.F.R. § 404.1520(f)). Additionally, to be eligible for disability benefits, the claimant must demonstrate that the disability existed prior to the expiration of their insured status. *Cruz Rivera v. Sec'y of Health & Hum. Servs.*, 818 F.2d 96, 97 (1st Cir. 1986).

## BACKGROUND[1]

Valle originally applied for disability insurance benefits on January 24, 2023, for a period of disability and disability insurance benefits allegedly beginning on October 27, 2020 and ending on the date last insured, June 30, 2022. (Tr. 86, 480-88). The claim was initially denied on March 3, 2023, (Tr. 254-62) and on reconsideration on May 26, 2023. (Tr. 264-74). Valle filed a written request for a hearing, which was held on July 2, 2024. (Tr. 17, 83-106). ALJ Yeline Quinones-Regalado presided, and Valle was represented by Olga I. Ramos Rodríguez, a non-attorney representative. (Tr. 17, 83-106, 317-20). On July 31, 2024, Ms. Ramos Rodríguez withdrew from representing Valle. (Tr. 121). A second hearing was held on January 29, 2025, to obtain further testimony from medical expert witnesses. (Tr. 45-82, 476). Valle was informed of the right to representation but chose to appear and testify without the assistance of an attorney or other representative. (Tr. 18, 47). On April 7, 2025, the ALJ notified an unfavorable decision. (Tr. 11-13). The ALJ's written decision is briefly summarized below. (Tr. 17-40).

The ALJ determined at Step One of the five-step sequential process that Valle did not engage in substantial gainful activity during the insured period, from his alleged onset date of October 27, 2020, through his date last insured of June 30, 2022. (Tr. 20). At Step Two, the ALJ found that Valle

---

[1] The facts in this section are drawn from the transcript ("Tr.") of the record of proceedings. (ECF No. 18).

had the following severe impairments: lumbar spine degenerative disc disease with degenerative joint disease, small bulging disc at L4-L5 and radiculitis, bilateral medial tibial plateau stress fractures, sensorimotor peripheral neuropathy affecting the lower extremities, major depressive disorder, and acute stress disorder. (*Id.*).

Analyzing Step Three, the ALJ concluded that Valle did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21). The ALJ considered listings 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve root(s)), 1.18 (Abnormality of a major joint(s) in any extremity), 1.19 (Pathologic fractures due to any cause), 11.14 (Peripheral neuropathy), 12.04 (Depressive, bipolar and related disorders), 12.06 (Anxiety and obsessive-compulsive disorders), and 14.09 (Inflammatory arthritis). (Tr. 21-25).

Next, and prior to moving to Step Four of the sequential process, the ALJ concluded that Valle had the residual functional capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) except that he can sit, for 6 hours and stand and/or walk for 6 hours in an 8-hour workday. The claimant can frequently climb ramps and stairs and can never climb ladders, ropes, nor scaffolds. He can frequently stoop, occasionally kneel, and crouch, and never crawl. The claimant cannot be exposed to unprotected heights, and can frequently work with moving machinery, mechanical parts, cutting instruments or operating vehicles. In addition, he can understand, remember, and carry out simple instructions, and maintain attention and concentration for 2 hours blocks in an 8-hour workday. The claimant is able to make simple decisions and can adapt to simple changes in the work routine. He can frequently interact with supervisors and coworkers, and occasionally with the public.

(Tr. 25). In reaching this conclusion, the ALJ indicated that she considered all of Valle's symptoms to the extent they are consistent with the objective medical evidence as required by 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 16-3, as well as medical opinions and prior administrative findings as mandated by 20 C.F.R. § 404.1520c. (*Id.*).

In following the required two-step process (first determining if the physical or mental

impairments could reasonably be expected to produce the pain and/or symptoms alleged, and, second, evaluating the intensity, persistence, and limiting effects of said symptoms to determine the extent to which they limit Plaintiff's work-related activities), the ALJ concluded after a thorough and detailed explanation (Tr. 25-32), that Valle's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (Tr. 26). However, while the ALJ found evidence in the record to support various physical and mental impairments, she found the record to be inconsistent with Valle's alleged level of limitations. (Tr. 27).

For example, the treatment notes from Valle's treatment at the Veterans Administration (VA) from 2020 to 2023 note the physical impairments mentioned above, however they also note intact range of motion, adequate muscular strength, appropriate muscle tone, and no gross motor or sensory deficits. (Tr. 27; *see also, e.g.,* Tr. 778-943). The ALJ found this to be inconsistent with Valle's testimony regarding his level of limitations during the relevant period. (Tr. 27). The ALJ described similar inconsistencies between the medical record and Valle's testimony with regards to the severity of Valle's mental impairments. (Tr. 29-30). Finally, the ALJ notes, "The frequency or extent of the treatment sought by the claimant is also not consistent with the degree of his subjective complaints. The record showed sparse treatment notes without continuance and consistency during the relevant period under consideration." (Tr. 31).

The ALJ did find in her Step Four analysis that Valle was unable to perform any past relevant work. (Tr. 32). But considering his age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that he could perform such as Assembler, Marker, and Routing Clerk. (Tr. 32-33). The ALJ thus addresses the Step Five analysis as well. Accordingly, the ALJ held that Valle was not disabled under the Act at any time from October 27, 2020, the alleged onset date, through June 30, 2022, the date last insured. (Tr. 34).

On September 19, 2025, Valle sought review of the ALJ's decision before the Appeals Council.

6

(Tr. 187-92). On June 4, 2025, the Appeals Council denied his request for review, finding no reason under their rules to review the ALJ's decision. (Tr. 1-8). On that date, the ALJ's decision became the Commissioner's final decision. The ALJ's written decision is briefly summarized below. (Tr. 17-40).

On August 4, 2025, Valle filed his social security complaint before this Court. (ECF No. 2). On November 14, 2025, the social security transcript was filed on the docket. (ECF No. 18). Upon consent provided by the parties, (ECF Nos. 9, 10) on August 26, 2025, this case was formally referred to the undersigned Magistrate Judge for all further proceedings including the entry of judgment. (ECF Nos. 11, 12). Valle's social security brief was filed on February 9, 2026, (ECF No. 26), and the Commissioner's on March 11, 2026. (ECF No. 28). Valle did not file a reply to the Commissioner's response.

## DISCUSSION

Valle raises three claims of error in his attempt to obtain reversal of the ALJ's decision. First, that on January 29, 2025 the ALJ violated Valle's Due Process rights by proceeding with the second hearing despite Valle's inability to adequately represent himself and fully understand the process. (ECF No. 26 at 18-19). Second, Valle claims that the ALJ erred by failing to sufficiently assess the side effects of his various medications. (*Id.* at 19-20). The third error alleged by Valle is that the ALJ did not sufficiently evaluate the medical opinions under the supportability and consistency factors required by 20 C.F.R. § 404.1520c. (*Id.* at 20-21). Each argument is addressed below.

### A. Failure to Ensure a Full and Fair Hearing

Valle fails to prove that the ALJ did not ensure a full and fair hearing on January 29, 2025, as required by the Social Security Act and the Due Process Clause. "It is well-settled that hearings to determine eligibility for Social Security disability benefits must comport with due process requirements." *Jimenez-Cruz v. Astrue*, No. CIV. 09-1812 (MEL), 2012 WL 1207387, at *9, 2012 U.S. Dist. LEXIS 51678, at *26 (D.P.R. Apr. 11, 2012) (collecting cases). Therefore, judicial review, while

"deferential to the agency's determination, must nonetheless be undertaken with a recognition that the 'beneficent purposes' underlying the Social Security Act, are best served by insuring that the agency has developed a complete evidentiary record." *Méndez v. Comm'r of Soc. Sec.,* 300 F.Supp.2d 317, 321 (D.P.R.2003) (quoting *Walker v. Massanari,* 149 F.Supp.2d 843, 846 (S.D. Iowa 2001)).

Here, Valle was provided due process at the January 29, 2025 supplementary hearing despite the fact he represented himself, his mental impairments, and the possibility that he was sedated. Firstly, there is no constitutional right to counsel in Social Security proceedings. *See Clauson v. City of Springfield*, 848 F. Supp. 2d 63, 70 (D. Mass. 2012) (discussing *Mallett ex rel. Mallett v. Barnhart*, No. 01-2337, 2002 WL 32096587, at *5 n. 2, 2002 U.S. Dist. LEXIS 26679, at *15 n. 2 (E.D.N.Y. Sept. 1, 2002)). Nor does Valle argue for such an interpretation. There is, however, a statutory and regulatory obligation for the Commissioner to notify claimants of the options for obtaining attorneys and the availability to qualifying claimants of legal services organizations which provide legal services free of charge. 42 U.S.C. § 406(c); 20 C.F.R. § 404.1706. The ALJ also has a responsibility, in particular when a claimant is unrepresented, to develop the record fully and to ensure that the claimant is able to make an informed decision to waive the right to representation. *Evangelista v. Sec'y of Health & Hum. Servs.*, 826 F.2d 136, 142 (1st Cir. 1987); HA 01210.080 B.1. Any violation of a claimant's right to counsel does not necessarily result in remand absent proof of prejudice or unfairness. *Evangelista*, 826 F.2d at 143; *see also Steward v. Barnhart*, 222 F. Supp. 2d 60, 63 (D. Me. 2002) ("The First Circuit requires proof of prejudice or unfairness attributable to self-representation in order to warrant remand.").

Here, Valle claims that he was unable to functionally represent himself, given the limitations caused by his various mental health impairments. (ECF No. 26 at 18). Valle was initially represented in the July 2, 2024 hearing by Olga I. Ramos Rodríguez, a non-attorney representative. (Tr. 17, 83-106). After that hearing, Ms. Ramos Rodríguez withdrew from representation on July 31, 2024, (Tr. 121), and Valle revoked her appointment as his representative the following day. (Tr. 444). In

correspondence with the Office of Hearing Operations, dated October 21, 2024, Valle asked that the scheduled supplementary hearing be cancelled "because I don't have a representative nor want a new one." (Tr. 164). Valle also claimed in that correspondence to have "said everything [he] had to say" in the previous hearing, only hoping to introduce new medical evidence in his letter. (*Id.*). The ALJ proceeded with the January 29, 2025 hearing where she confirmed that he had received letters informing him of his right to representation, that he understood those letters, and that he still wished to proceed without having legal representation. (Tr. 47). The following exchange took place between Valle and the ALJ at the start of the January 29, 2025 hearing:

> ALJ: All right, Mr. Valle. As you recall, we had a previous hearing. You're appearing today without legal representation. You've been sent letters informing you of your right to have legal representation. Did you receive them?
>
> CLMT: Yes, I received them.
>
> ALJ: Did you understand those letters and your right to have legal representation?
>
> CLMT: Yes.
>
> ALJ: Do you wish to proceed with a legal representative today, and do you do so freely and voluntarily?
>
> CLMT: I didn't understand the question.
>
> ALJ: Do you wish to proceed with having the hearing today without having legal representation, sir?
>
> CLMT: Yes.

(Tr. 54).

In short, contrary to Valle's claims, it is clear from the record and the transcript of the hearing that he had both time and opportunity to seek representation, that it was an informed decision, and that his final waiver of representation at the January 29, 2025 hearing was voluntary, knowing, and intelligent. *Evangelista* documents a similar exchange between the ALJ and Plaintiff and found it to be

sufficient to waive the Plaintiff's right to counsel. 826 F.2d 136, 142 n. 5.[2]

Other than citing to the Social Security's Program Operations Manual System Valle cites nothing to support the notion that the ALJ had to take any additional steps to ensure Valle made an informed decision. (ECF No. 26 at 19). To boot, the Manual cited by Valle does not mention the pre-determination Valle argues the ALJ failed to make. Any such argument is therefore waived. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). Regardless, "[t]he relevant inquiry here is whether a 'colorable' due process violation has been demonstrated." *Boothby v. Social Sec. Admin. Comm'r,* CIV. No. 97–1245, 1997 WL 727535, at *1, 1997 U.S. App. LEXIS 32746, at *4 (1st Cir. Nov. 18, 1997) (discussing a plaintiff who failed to pursue administrative remedies and whether or not he was unfit to do so at the relevant time). As stated by the First Circuit, "[t]his is not an onerous standard." *Id.* (cleaned up). However, claimants must cite evidence "tending to show not only that they suffered at the relevant time from a mental impairment or condition but also that the impairment or condition affected their ability to understand and/or pursue [their] rights." *Freese v. Astrue*, No. 07-1-P-S, 2007 WL 2710341, at *7, 2007 U.S. Dist. LEXIS 68021, at *22 (D. Me. Sept. 12, 2007), *report and*

---

[2] In *Evangelista*, the exchange at the start of the hearing went as follows:

> ALJ: ... The first matter I want to discuss with you Mr. Evangelista is your right to representation. You know you have the right to have an attorney present at this hearing.
>
> A: Right.
>
> ALJ: Have you considered this matter carefully?
>
> A. Yes.
>
> ALJ: Are you prepared to go ahead without representation?
>
> A. Right.

*recommendation adopted,* No. CIV. 07-1-P-S, 2007 WL 3197296 (D. Me. Oct. 25, 2007) (collecting cases). In this case, Valle offers no evidence that at the time of his supplementary hearing on January 29, 2025, his diagnosed mental impairments prohibited him from understanding and pursuing his rights.

Valle cites to the hearing testimony of Dr. Rosemary Peña, to show that his mental condition interfered with his full participation in the hearing. (ECF No. 26 at 19). Dr. Peña testified to the fact that, in her opinion, Valle had moderate limitations in all paragraph B areas of listings 12.04 and 12.06. (Tr. 67). Those areas of mental functioning are the ability to (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. Listings 12.04(B) (citing Listings 12.04(E-F). Dr. Peña also noted that Valle would be limited to simple tasks and simple decisions because of his mental impairments. (Tr. 67). In an attempt to bolster his claim of miscomprehension, Valle cites primary care visit records and his own sworn statements and testimony. (ECF No. 26 at 18). However, Valle does not cite evidence that his condition at the time of the hearing was such that he would be incapable of understanding the proceedings. *Compare, e.g., Leach v. Apfel,* No. 00-92-B, 2000 WL 1511197, at *2, *4, 200 U.S. Dist. LEXIS 14831, at *6, *11 (D. Me. Oct. 5, 2000) (finding that there was a due process violation when there was contemporaneous evidence that plaintiff's ability to process information was affected by his mental impairments during the appeals period and therefore plaintiff was unable to pursue administrative remedies); *Boothby,* 1997 WL 727535, at *2 (claimant's due-process claim was found to be colorable when evidence was presented of his significantly compromised mental functions, impaired concentration, and more).

Notes from Valle's mental examinations conducted at the VA indicated similar issues to those Dr. Peña describes, such as diminished attention and concentration. (*See, e.g.,* Tr. 802, 923-24, 969, 974). However, they also describe Valle as being alert and cooperative with a logical, relevant, and coherent thought process, intact immediate, recent, and remote memory, and good insight and

judgment. (*See, e.g.,* Tr. 802, 829-30, 841, 904-905, 923-24, 974). These observations are also supported by the transcript of the proceedings, where it is clear that Valle was given the opportunity to participate and that the ALJ consistently made sure that Valle understood the proceedings and was able to ask appropriate questions and cross-examine the witnesses. (*See, e.g.,* Tr. 47-48, 58-59, 61, 67-68, 69-71, 76-78). What is more, Valle's exchange with the ALJ regarding his right to legal representation confirms Valle's understanding of his rights and his voluntary and knowing choices. When the ALJ asked whether he wanted to proceed on January 29 *with* legal representation Valle expressed he did not understand. (Tr. 47). The ALJ then correctly rephrased the question and Valle confirmed. (*Id.*). Moreover, Valle's questions to the medical and vocational experts demonstrated his understanding of the relevant issues before the ALJ and the medical evidence in the record. (TR. 57-60, 68-69, 76-79). While Valle may have had some confusion as to the limitations placed by the last insured date on the medical evidence he could present, the ALJ made the necessary explanations. (Tr. 66-71, 82). Not only that, even if Valle had been represented at the hearing, the outcome would remain the same. The ALJ simply could not consider evidence post-dating the last insured date. In sum, the record provides no reason to believe the ALJ failed to ensure that Valle was able to fairly and fully participate without a representative and Valle cites no concrete contemporaneous evidence or case law that supports his claim otherwise.

### B. Medication Side Effects

Valle next argues that the ALJ made a fatal error by failing to discuss "medication type, dosage, side effects, or functional impact." (ECF No. 26 at 20). Social Security regulations require the ALJ to consider "the type, dosage, effectiveness, and side effects of any medication" when assessing the intensity and persistence of symptoms. 20 C.F.R. § 404.1529(c)(3)(iv). However, this requirement is within the context of the disability assessment, which is confined to the period of eligibility for the claimant. 20 C.F.R. § 404.1529 et seq. Additionally, the ALJ is not required to address side effects

where the plaintiff's self-serving statements are unsupported by the record. *Lacroix v. Barnhart*, 352 F. Supp. 2d. 100, 115 (D. Mass. Jan. 5, 2005); *see also Arnold v. Saul*, No. 1:19-CV-151-HAB, 2020 WL 1983695, at *3 (N.D. Ind. Apr. 27, 2020) (finding that there was no medical evidence that any of plaintiff's medications cause the claimed side effects and therefore the ALJ did not err in failing to discuss each claimed side effect).

To start, the evidence Valle cites, namely the medication list from 2024 and his own sworn statement, (Tr. 729-33, 164-70), are both from outside the relevant period, which runs from the alleged onset date of October 27, 2020 to the date last insured, June 30, 2022. Even if it were within the applicable time period, Valle did not report any side effects to his doctors. It is explicitly stated in the VA treatment notes, Exhibit 9F, that no side effects were reported by Valle with respect to the medications he was taking during the relevant time period. (*See* Tr. 1254, 1260). And nowhere else in the record were side effects reported. Valle cannot turn his back on his own representations when it suits him. Finally, when Valle raised the issue of his medications and their side effects at the January 29, 2025 hearing, Dr. Peña testified that the medications he was taking as of June 30, 2022, his date last insured, did not "impose any additional limitations." (Tr. 70). Therefore, the ALJ did not err in omitting discussion of side effects from her ruling.

## C. Insufficient Evaluation of Medical Opinions

Valle lastly argues that the ALJ erred in her evaluation of the medical opinions because she failed to apply the mandatory supportability and consistency factors required by 20 C.F.R. § 404.1520c. The Court disagrees. When considering the medical opinions and prior administrative findings in a case, the regulation states that two of the factors considered by the ALJ are supportability and consistency. *Id.* § 404.1520c(1)-(2). For supportability this means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the

medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(1). As for consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(2). An opinion that fails either of these prongs is unpersuasive. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at *5854. ("A medical opinion without supporting evidence, or one that is inconsistent with evidence from other sources, will not be persuasive regardless of who made the medical opinion.").

Here, Valle claims the ALJ rejected the state agency physical assessments and selectively adopted the least restrictive portions of the medical examiners' opinions "while ignoring their limitations and internal inconsistencies." (ECF No. 26 at 20). Valle makes sweeping allegations, broadly claiming error, but fails to acknowledge the reasoning provided by the ALJ to justify her analysis. For example, the ALJ considered the opinions of the state agency consultants, Dr. Ulises Melendez and Dr. Jose Rabelo, who reviewed the record at the initial and reconsideration level, respectively, but both were found to be unpersuasive due to the fact that neither of the two doctors reviewed the record in its entirety. (Tr. 29). Valle claims that the ALJ did not articulate any meaningful supportability or consistency rational, however the ALJ specifically notes that the medical evidence from the VA, Valle's primary treatment source, reflected fewer limitations, and that the degree of restriction suggested by the state examiners was not supported or consistent with the record as a whole. (*Id.*).

Valle also takes issue with the medical opinions the ALJ did rely on. First, Valle claims that Dr. Peña's findings of moderate limitations in all four paragraph B areas were ignored. However, the ALJ's assessment at Step Three agrees with those findings. (Tr. 23-24). Valle's unsupported assertion that moderate limitations generally point to higher RFC restrictions than those ultimately assessed by

the ALJ does not sway this Court's opinion that the ALJ's decision was reasonable and supported by the record. In fact, the ALJ's reasoning regarding Valle's RFC is in line with Dr. Peña's evaluation. (*See id.*; Tr. 1775-76). Second, Valle claims that the opinion of Dr. Ricardo Buitrago had factual errors or inconsistencies but provides no clues as to what those errors or inconsistencies might be. (ECF No. 26 at 21). Therefore, the Court is left to speculate, which it will not do. And, contrary to Valle's assertions, the ALJ does specifically mention how the opinions of Dr. Peña and Dr. Buitrago are supported and consistent with the evidence of record. (Tr. 30-31).

Lastly, Valle argues that the disability findings of the VA were not properly considered. (ECF No. 28 at 21). Valle himself notes that the SSA is not bound by VA disability determinations but cites 20 C.F.R. § 404.1504 to claim that the ALJ must consider other disability determinations and articulate how persuasive they are. (*Id.*). Nothing in that regulation requires such an assessment. Instead, the regulation states,

> we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim.

20 C.F.R. § 404.1504. Here it is clear that the ALJ did clearly consider the evidence used by the VA in their assessment, as it was referenced multiple times. (Tr. 23, 24, 27, 28, 29, 30). Therefore, Valle's argument for remand based on the ALJ ignoring a governing regulation is meritless.

## CONCLUSION

In light of the foregoing, I find that the decision of the ALJ is supported by substantial evidence and free of legal error. Therefore, the decision of the Commissioner is hereby **AFFIRMED.**

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this May 22, 2026.

*s/ Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge

15